People v McKinney (2019 NY Slip Op 02950)





People v McKinney


2019 NY Slip Op 02950


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


3829/16 -6152 8424

[*1] The People of the State of New York, Appellant,
v
Jayvon McKinney, Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for appellant.
The Bronx Defenders, Bronx, (Joshua Occhiogrosso-Schwartz of counsel), for respondent.



Order, Supreme Court, Bronx County (Alvin Yearwood, J.), entered on or about July 7, 2017, which granted defendant's motion to inspect grand jury minutes and upon inspection, dismissed the indictment, unanimously reversed, on the law, the motion denied and the indictment reinstated. Appeal from order, same court and Justice, entered on or about November 21, 2017, which effectively granted reargument and adhered to the original decision, unanimously dismissed as academic.
The court erroneously dismissed an indictment charging defendant with crimes committed in two incidents, both recorded in videotapes presented to the grand jury, on the ground that a police officer who witnessed neither incident, but knew defendant from the area, identified him in each videotape. This testimony was not impermissible and it did not render the grand jury proceedings defective. The detective testified from his personal knowledge. Moreover, unlike trial jurors who can normally observe a defendant in court, grand jurors do not have that means of making a comparison between a videotape and a defendant's appearance. In so holding, we express no opinion on the admissibility of a similar identification at trial. The "exceptional remedy of dismissal" (People v Huston , 88 NY2d 400, 409 [1996]) was not warranted.
Finally, we note that, there was no basis for dismissing those counts of the indictment relating to a November 7, 2016 crime, because the grand jury presentation included defendant's confession to that crime.
We have considered and rejected defendant's remaining arguments for affirmance. M-6152 - People of the State of New York v Jayvon McKinney Motion to dismiss appeal denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK